[Civ. No. 1505. First Appellate District.—March 24, 1915.]

EARL WOOSTER, by Ernest Wooster, His Guardian Ad Litem, Appellant, v. A. E. SUNDERLAND et al., Constituting the Board of Education, etc., Respondents.

SCHOOL LAW—BOARD OF EDUCATION—POWER TO MAKE RULES AND SUSPEND OR EXPEL STUDENTS — MISCONDUCT OF STUDENT.—The board of education of the city of Fresno high school department are empowered to prescribe and enforce rules not inconsistent with the state law or the rules of the state board of education, for the government of the high school and to suspend or expel pupils for misconduct when other means of correction have failed to bring proper conduct.

ID.—JURISDICTION OVER STUDENT BODY—EXPULSION OF STUDENT—MANDAMUS FOR REINSTATEMENT.—In a proceeding by *mandamus* to compel a board of education of a city high school to reinstate a student who had been expelled by order of the board, where the evidence showed without conflict that the student body of the school was at all times under the immediate supervision of the principal of the school; that the meetings of the student body were held on school days and during school hours; and that its proceedings were a part of the school work prescribed for the students by the city superintendent of schools, who was *ex officio* secretary of the board of education; and that the meeting of the student body at which the plaintiff delivered the offensive address for which he was expelled was held on a school day, during school hours, and under the immediate observation of the high school principal, the proceedings of the student body were under the control of and subject to the regulation of the board of education.

ID.—ABSENCE OF EXPRESS STATUTE OR REGULATIONS—INHERENT POWERS OF BOARD.—It cannot be successfully contended that the board of education in such a case was without jurisdiction to expel the plaintiff because neither the statute nor any rule or regulation of the the board expressly made the misconduct charged against the plaintiff a ground for expulsion, as the obligations of obedience to lawful commands on the part of the student are inherent in any proper school system, which may be enforced without the adoption in advance of any rules upon the subject.

ID.—MISCONDUCT OF STUDENT—SUFFICIENCY OF EVIDENCE.—Where the admitted purpose of the plaintiff's address was to belittle the members of the board of education in their official capacity, and the whole tenor of the address was well calculated to produce not only that result, but to engender as well in the minds of the students a feeling of disrespect for the members of the board of education, and a secret if not an open hostlity to their control of

the student body and management of school affairs, the student's conduct was a species of insubordination to constituted authority requiring correction nnd authorizing expulsion.

Id.—Demand for Apology—Right of Expulsion not Waived by. There is no merit in the contention that by demand for an apology from the plaintiff, the board waived the right of expulsion; on the contrary such demand and refusal of the plaintiff to comply therewith were essential as a predicate to the greater punishment of expulsion.

Id.—Right to Summon Student.—Having jurisdiction in the premises, the board had the inherent power to summon the plaintiff before it for the purpose of investigating ·and passing upon his alleged misconduct.

APPEAL from a judgment of the Superior Court of Fresno County and from an order refusing a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, and C. E. Beaumont, for Appellant.

M. F. McCormick, for Respondents.

LENNON, P. J.—The plaintiff in this proceeding sought by *mandamus* to compel the defendants, as the board of education of the Fresno city high school, to reinstate him as a student of the school, from which he had been previously expelled by an order of the board. The judgment of the lower court was given in favor of the defendants, from which and from an order denying a new trial the plaintiff has appealed upon the judgment-roll and a statement of the case used upon the hearing of the motion for a new trial.

The facts of the case are substantially these: During the year 1913 the plaintiff was a student in the Fresno city high school; and just before the close of the school term, and before he had taken his final examinations, the plaintiff, during school hours, in the assembly hall of the school, delivered an address to the student body of the school, wherein he declared in substance that the auditorium, the chemistry room, and the domestic science department of the school, all of which were located in the same building, were unsafe because of the possibility of fire; and then denounced the defendants for compelling the students to hold their mass meetings, social

entertainments, and class productions in the auditorium, because, in the event of fire, the means of exit were inadequate. Following the somewhat caustic criticism of defendants' management of the school and the school's properties, the plaintiff in no uncertain terms objected to and denounced the action of the defendants, previously taken, prohibiting the students from engaging in the class performance known as a "donkey fight," which it seems was an annual event with the students, and oftentimes resulted in "cracked heads and injured bodies." The plaintiff declared during the course of his address that it "was not fair of the board of education to forbid a donkey fight, in which the boys took their own chances of being injured, and force them to take chances of being injured in a fire trap." The plaintiff closed and climaxed his incendiary address by offering a resolution, which was adopted by the student body, requesting the defendants in their official capacity as members of the board of education, to "no longer talk about bonds, but to do all in its power to put such a bond issue before the people of the district." In due season, as was to be expected, the defendants were informed of the plaintiff's address to the student body; and thereupon plaintiff was cited to appear before the defendants, sitting as the board of education, and explain his motive for making the address. The plaintiff appeared before the defendants; and while attempting to justify his conduct, declared incidentally that his address to the student body "was intended as a slam" at the defendants. At the conclusion of the hearing of the matter the defendants formally decided that the plaintiff's conduct was a breach of school discipline, and that it was intended and calculated to discredit and humiliate the defendants in the eyes of the student body; and as a punishment therefor demanded of the plaintiff an apology and a public retraction of his offensive remarks. The plaintiff refused to comply with the demand of the defendants, and as a consequence an order was finally and formally entered of record upon the official minutes of the defendants, expelling the plaintiff as a student from the Fresno city high school.

But two points are presented and relied upon in support of the appeal, and they are in effect: 1. That the student body was not a co-ordinate branch of the high school, and therefore the defendants, as the board of education, were without jurisdiction in the premises; 2. That the particular conduct of the

plaintiff for which he was expelled, was not sufficient to warrant and justify his expulsion, even if the defendants had jurisdiction of the matter.

The defendants, as the board of education of the Fresno City high school department, were empowered to prescribe and enforce rules not inconsistent with the state law or the rules of the state board of education, for the government of the high school; and "to suspend or expel pupils for misconduct when other means of correction have failed to bring proper conduct." (Pol. Code, sec. 1617.) The evidence adduced upon the hearing had in the lower court shows without conflict that the student body of the Fresno city high school was at all times under the immediate supervision of the principal of the school; that the meetings of the student body were held on school days and during school hours; and that its proceedings were a part of the school work prescribed for the students by the city superintendent of schools, who was *ex officio* secretary of the board of education; and finally, that the meeting of the student body at which the plaintiff delivered the offensive address was held on a school day, during school hours, and under the immediate observation of the high school principal.

This being so it seems idle to contend that the proceedings of the student body were beyond the control and regulation of the defendants in their official capacity. Being a part of the school work prescribed for the students upon school days, and during school hours, the proceedings of the student body, and its conduct individually and collectively, when in meeting assembled, were undoubtedly as much within the control and cognizance of the defendants as would be the ordinary school work and conduct of the students when assembled in the class rooms upon school days and during school hours. That this is so seems plain to us beyond the need of further discussion; and being so, there is no room for argument that cognizance of the conduct of the plaintiff while participating in the proceedings of the student body, was not within the jurisdiction of the defendants sitting as the board of education.

It cannot be successfully contended that the defendants were without jurisdiction to expel the plaintiff because neither the statute nor any rule or regulation of the defendants expressly made the misconduct charged against the plaintiff a ground for expulsion. This contention in our opinion is met and overcome in the case of *State ex rel. Burpee* v. *Burton,* 45 Wis.

150, [30 Am. Rep. 706], where in disposing of a similar contention, the court said: "In the school, as in the family, there exists on the part of the pupils the obligation of obedience to lawful commands, subordination and civil deportment, respect for the rights of others, and fidelity to duty. These obligations are inherent in any proper school system, and constitute, so to speak, the common law of the school. Every pupil is presumed to know this law, and is subject to it, whether it has or has not been re-enacted by the district board in the form of written rules and regulations. It would indeed seem impossible to frame rules which would cover all cases of insubordination. . . . "

The reasoning and the conclusion of the opinion in the case just quoted was commended and followed in the case of *State ex rel. Dresser* v. *School Board,* 135 Wis. 619, [128 Am. St. Rep. 1050, 16 L. R. A. (N. S.) 730, 116 N. W. 232], where it was said that there are "certain obligations on the part of the pupil which are inherent in any proper school system, and which constitute the common law of the school, and which may be enforced without the adoption in advance of any rules upon the subject."

The minutes of the meetings of the defendants at which the conduct of the plaintiff was considered were read in evidence at the trial of the case; and it is apparent therefrom that the order of expulsion complained of was based upon findings made by the defendants to the effect that the conduct charged against the plaintiff was intended to discredit and humiliate the board in the eyes of the students, and tended to impair the discipline of the school. The trial court, among other things, found that the plaintiff's address to the student body was intended as "a slam at the defendants," and delivered for the purpose of creating in the minds of the students a spirit of insubordination, and was subversive of the good order and discipline of the school. We have no doubt but that the respective findings of the defendants and the trial court were sufficiently supported by the testimony taken at the hearing had before the defendants and the evidence adduced upon the trial of the case. In our opinion no other findings were permissible under the undisputed facts and circumstances of the case. The admitted purpose of the plaintiff's address was to belittle the defendants in their official capacity; and the whole tenor of the address was well calculated to produce not only

that result, but to engender as well in the minds of the students a feeling of disrespect for the defendants, and a secret if not an open hostility to their control of the student body and management of school affairs. Such being the natural tenor and tendency of the plaintiff's address, his conduct in making the same cannot be classed as anything but a species of insubordination to constituted authority, which required correction at the hands of the defendants in order that the discipline of the school might be maintained unimpaired by anything that was said and done by the plaintiff. (*State ex rel. Dresser* v. *School Board,* 135 Wis. 619, [128 Am. St. Rep. 1050, 16 L. R. A. (N. S.) 730, 116 N. W. 232].)

There is no merit in the contention incidentally made that the defendants' demand for an apology from the plaintiff was a waiver of the right to expel. To the contrary, such demand and the refusal of the plaintiff to comply therewith, were, under the particular facts of the present case, essential as a predicate to the greater punishment of expulsion. The exercise of the power of expulsion is expressly limited to cases where other means of correcting misconduct have failed (Pol. Code, sec. 1617, subd. 8). In other words, a resort to the harsh penalty of expulsion may not be had until milder measures for the correction of misconduct in any given case have failed. In the present case an apology would have been adequate punishment for the misconduct of the plaintiff, and doubtless would have served to prevent a repetition thereof; and at the same time would have tended to correct the evil resulting therefrom. The refusal of the plaintiff to make the apology demanded not only accentuated his misconduct, but made it necessary for the defendants to resort to an order of expulsion as the only effective means of punishing the plaintiff and maintaining the discipline of the school (*State ex rel. Dresser* v. *School Board,* 135 Wis. 619, [128 Am. St. Rep. 1050, 16 L. R. A. (N. S.) 730, 116 N. W. 232]).

Involved in the contentions made upon behalf of the plaintiff is the suggestion that the defendants exceeded their power when they ordered the plaintiff to appear before them to explain and justify his conduct. In response to this it will suffice to say, that having jurisdiction in the premises, the defendants undoubtedly had the inherent power to summon the

plaintiff before them for the purpose of investigating and passing upon his alleged misconduct.

The judgment and the order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.